**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| **In re: STEVEN S.WATERHOLTER** | Case No. 05-30247-DOT |
| Debtor | Chapter 7 |
| | |
| **RAYMOND C. HESS** | |
| Plaintiff, | |
| | |
| v. | Adv. Pro. No. 05-03044-DOT |
| | |
| **STEVEN S. WATERHOLTER** | |
| Defendant | |

**MEMORANDUM OPINION AND ORDER**

This adversary proceeding was filed on April 11, 2005. Plaintiff Raymond C. Hess sought a determination that a debt owed him by defendant debtor should be excepted from discharge. The case first came before the court on the motion of defendant for dismissal for failure to state a claim upon which relief can be granted. Hearing was held on September 20, 2005, and the court denied the motion to dismiss. Trial on the complaint was held on December 12, 2005. For reasons set forth below, the court holds that the debt is not dischargeable under 11 U.S.C. § 523.

**Facts**

The facts are by and large undisputed. On or about May 17, 2004, plaintiff Raymond C. Hess received a $ 4,501.00 judgment against defendant debtor Steven S. Waterholter in the Caroline County, Virginia, General District Court. Plaintiff docketed the judgment in the Spotsylvania Circuit Court and the Fredericksburg Circuit Court.

In December 2004, counsel for plaintiff was contacted by Home Funds Direct, which was handling a refinance for defendant. Home Funds Direct requested the payoff amount on the judgment, which counsel for plaintiff provided to them. Home Funds Direct further indicated that the closing on the refinance was scheduled for December 21,

2004. Counsel for plaintiff subsequently contacted Home Funds Direct, which advised him that the refinance had already closed, that a check in the amount of $4,791.08 was written to plaintiff to satisfy the judgment, and that the check was mailed out on December 28, 2004.

Plaintiff did not receive the check, and shortly thereafter, counsel for plaintiff received notice that defendant had filed a chapter 7 bankruptcy case on January 1, 2005. At the meeting of creditors in his bankruptcy case, defendant debtor testified under oath that he did receive the check payable to plaintiff, and he further testified that he had forged Mr. Hess' name to the check and deposited the check for the full amount of $4,791.00 into his wife's bank account. On April 11, 2005, plaintiff instituted this adversary proceeding to have the debt excepted from debtor's discharge. Although there is no statutory reference cited in the amended complaint, § 523 of the bankruptcy code enumerates those debts which are not discharged by a general discharge in bankruptcy.

## Discussion and Conclusions of Law

In denying the motion to dismiss, the court noted that the debt might be excepted from discharge under § 523(a)(4), which excepts from discharge "any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Taking the pleadings in the light most favorable to plaintiff, the court found that plaintiff had plead sufficient facts from which the court might make a finding that forging the endorsement of the check and appropriating the proceeds was larceny under Virginia law. Larceny is defined as "the wrongful or fraudulent taking of another's property without his permission and with the intent to deprive the owner of that property permanently." Hunt

2

v. Commonwealth, 614 S.E.2d 668, 670 (Va. Ct. App. 2005). The facts as plead satisfied the requirements of a taking, a lack of permission, and the intent to deceive.

Defendant had argued that the debt is dischargeable because the underlying obligation secured by the perfected judgment is dischargeable. However, the court found that when defendant converted the check made out to plaintiff, he changed the nature of the debt. The debt at that point became a debt due to plaintiff as a result of debtor's disposition of plaintiff's check. Thus, the court held that the amended complaint sufficiently alleges an exception to discharge pursuant to § 523(a)(4) of the bankruptcy code.

At trial, plaintiff relied largely on the logic set forth by the court in the opinion denying the motion to dismiss. However, defendant, for the first time, argued that § 8.3A-420(a)(ii) of the Virginia Code governs this situation. That statute provides in relevant part that "[a]n action for conversion of an instrument may not be brought by…(ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee." Va. Code Ann. § 8.3A-420(a)(ii) (2001). In this case, the payee did not receive delivery of the instrument directly.

It would appear that § 8.3A-420(a)(ii) does apply to keep this debt from being declared nondischargeable, absent a finding that defendant was an agent of plaintiff or a co-payee on the instrument.. The Official Comment to the Uniform Commercial Code 3-420, from which § 8.3A-420 is derived, explains the rationale underlying the provision:

> There was also a split of authority under former Article 3 on the issue of whether a payee who never received the instrument is a proper plaintiff in a conversion action. The typical case was one in which a check was stolen from the drawer or in which the check was mailed to an address different from that of the payee and was stolen after it arrived at that address. The thief forged the indorsement of the payee and obtained payment by depositing the check to an account in a depositary bank. The issue was

3

whether the payee could bring an action in conversion against the depositary bank or the drawee bank. In revised Article 3, under the last sentence of section 3-402(a), the payee has no conversion action because the check was never delivered to the payee. Until delivery, the payee does not have any interest in the check. The payee never became the holder of the check nor a person entitled to enforce the check. Section 3-301. Nor is the payee injured by the fraud. Normally the drawer of a check intends to pay an obligation owed to the payee. But if the check is never delivered to the payee, the obligation owed to the payee after forging the signature of the payee as an indorsement, the obligation owed to the payee is not affected. If the check falls into the hands of a thief who obtains payment after forging the signature of the payee as an indorsement, the obligation owed to the payee continues to exist after the thief received payment. Since the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee. The drawer of the check has no conversion remedy, but the drawee is not entitled to charge the drawer's account when the drawee wrongfully honored the check. The remedy of the drawee is against the depositary bank for breach of warranty under Section 3-417(a)(1) or 4-208(a)(1). The loss will fall on the person who gave value to the thief for the check.

Therefore, under § 8.3A-420, the remedy available to plaintiff is to pursue the appropriate financial institution(s) for improper payment of the instrument.

The remaining issue is whether in receiving and appropriating the check to plaintiff from the real estate closing, debtor was acting as agent for plaintiff. If debtor had been an agent of plaintiff and charged with the duty of forwarding the settlement check to plaintiff, § 8.3A-420(a)(ii) would be inapplicable. The parties did not specifically address this issue at trial, but under the facts as agreed upon, the court finds that debtor was acting as an implied agent for plaintiff. "Agency may be inferred from the conduct of the parties and from the surrounding facts and circumstances." Acordia Ins. Agency, Inc. v. Genito Glenn, L.P., 560 S.E.2d 246, 249 (Va. 2002), citing Drake v. Livesay, 231 Va. 117, 121, 341 S.E.2d 186, 189 (Va. 1986). "[W]hether an agency relationship exists is a question to be resolved by the fact finder unless the existence of the relationship is shown by undisputed facts or by unambiguous written documents." State

4

Farm Mut. Auto Ins. Co. v. Weisman, 441 S.E.2d 16, 19 (Va. 1994). Accord Reistroffer v. Person, 439 S.E.2d 376, 378 (Va. 1994).

In this case, the facts and circumstances demonstrate that there was an agency relationship between the parties. The check was sent to debtor not with the expectation that he would apply it however he wished, but with the expectation that he would receive it for the benefit of plaintiff and cause it to be placed in the hands of plaintiff. Instead, however, he converted the funds for his own use by forging plaintiff's endorsement. After requesting that funds to cover his debt to plaintiff be deducted from the proceeds of closing, debtor then appropriated those funds for himself.

Thus, this case is different from the case in which a check is stolen from the mailbox of the payee and fraudulently endorsed and the funds stolen. Debtor has violated the fiduciary duty he had to plaintiff, which causes § 8.3A-420 to be inapplicable here. Since the statute does not control the disposition of this case, the debt is nondischargeable under § 523(a)(4) of the bankruptcy code. Debtor violated his fiduciary duty to plaintiff and his actions in appropriating the check and forging plaintiff's signature constituted both defalcation while acting in a fiduciary capacity and larceny (as discussed above). Therefore,

**IT IS ORDERED** that judgment on the complaint of plaintiff Raymond C. Hess is entered for plaintiff. Consequently, the obligation of debtor Steven S. Waterholter to plaintiff in the amount of $4,501.00 is excepted from debtor's discharge in bankruptcy.

Signed:_____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

5

Copies:

**Carl J. Witmeyer, II, Esq.**
11139 Air Park Road
Ashland, VA 23005

**Charles C. Cowsert, Esq.**
4908 Hood Drive
Fredericksburg, VA 22408